```
                    UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF MISSISSIPPI
                          JACKSON DIVISION


WILLIE PATTON                                              PLAINTIFF


VS.                                CIVIL ACTION NO. 3:10CV138TSL-LRA


HINDS COUNTY JUVENILE DETENTION CENTER
(HENLEY-YOUNG); WILLIAM SKINNER,
INDIVIDUALLY AND IN HIS CAPACITY AS
OPERATOR/DIRECTOR OF HINDS COUNTY JUVENILE
DETENTION CENTER (HENLEY-YOUNG); HINDS
COUNTY BOARD OF SUPERVISORS; ROBERT GRAHAM,
INDIVIDUALLY AND IN HIS CAPACITY AS BOARD
OF SUPERVISORS; DOUGLAS ANDERSON,
INDIVIDUALLY AND IN HIS CAPACITY AS BOARD
OF DEFENDANTS SUPERVISORS; PEGGY HOBSON
CALHOUN, INDIVIDUALLY AND IN HER CAPACITY AS
BOARD OF SUPERVISORS; PHILIP FISHER,
INDIVIDUALLY AND IN HIS CAPACITY AS
BOARD OF SUPERVISORS; GEORGE S. SMITH,
INDIVIDUALLY AND IN HIS CAPACITY AS BOARD OF
SUPERVISORS; AND VERN GAVIN, INDIVIDUALLY
AND IN HIS CAPACITY AS COUNTY ADMINISTRATOR  DEFENDANTS
```

<u>MEMORANDUM OPINION AND ORDER</u>

This cause is before the court on the motion of defendants Hinds County Board of Supervisors and individual board members Robert Graham, Douglas Anderson, Peggy Hobson Calhoun, Phillip Fisher and George Smith, in their official capacities, for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.[1]  Plaintiff Willie Patton has responded to the motion

---

[1] Inexplicably, defendants' motion does not identify either Skinner or Gavin as a movant; the rebuttal references Skinner but not Gavin.  However, since the only claims remaining against any of the individually named defendants are the official-capacity claims, and these defendants are all identically situated

and the court, having considered the memoranda of authorities, together with attachments, submitted by the parties, concludes that the motion is well taken and should be granted.

Following his termination from employment at the Hinds County Henley-Young Juvenile Detention Center, plaintiff Willie Patton filed the present action against the Hinds County Board of Supervisors and its members, in their individual and official capacities, and against Hinds County Juvenile Court Judge William Skinner and County Administrator Vern Gavin in their individual and official capacities, asserting various causes of action relating to his termination, including state law tort claims for negligence, bad faith, breach of fiduciary duty, negligent omission, fraudulent omission, slander, libel and defamation; state law contract claims for wrongful termination, breach of contract and breach of the implied covenant of good faith and fair dealing; federal claims under 42 U.S.C. § 1981 for race discrimination and hostile work environment pursuant to 28 U.S.C. § 1981; federal claims under 42 U.S.C. § 1983 for alleged violations of his constitutional rights to equal protection and due process under the Fourteenth Amendment, to freedom of speech

---

as to those claims, see McCarthy ex rel. Travis v. Hawkins, 381 F.3d 407, 413 (5th Cir. 2004) (lawsuit brought against a government actor in his official capacity is treated as suit against actor's agency), the court will consider that the motion is filed on behalf of Gavin and Skinner, as well as the named movants.

2

under the First Amendment, and for violation of the separation-of-powers doctrine (including claims for failure to train, failure to supervise, deliberate indifference and harassment), and lastly, a conspiracy claim brought pursuant to 28 U.S.C. § 1985(2)[2].

The basic facts underlying plaintiff's complaint were previously set forth in a July 18, 2011 opinion issued by Judge Carlton Reeves dismissing plaintiff's individual capacity claims against Judge Skinner,[3] as follows:

> Willie Patton is an African American and a former employee of the Henley-Young Juvenile Detention Center in Hinds County, Mississippi. He worked as a shift supervisor at the facility from January 2000 to August 13, 2008.
>
> According to Patton, in November 2007 he was among several employees on whose paychecks a white payroll clerk made errors. After testifying against the clerk in a disciplinary hearing, Patton claims that "he began to be harassed, threatened, and subsequently demoted." Thereafter, while on duty on May 6, 2008, he was escorted from the facility by police, and his keys were confiscated. After a hearing – at which Patton avers "the hearing officer stated he did not want to hear any further evidence" just "shortly after the proceeding began" – Patton received an Order of Reprimand on May 19, 2008, and he was demoted from supervisor to senior officer. Patton's troubles did not end then, though, and he claims that his "employment became very stressful and difficult" because "the defendants continued to harass and humiliate him."
>
> Patton says that, eventually, a recommendation to terminate his employment was submitted to Judge William

---

[2] In his response to the motion, plaintiff conceded that he had no viable claims under the Fourth or Sixth Amendment.

[3] On September 14, 2012, this case was transferred to the undersigned following Judge Reeves' recusal.

3

> Skinner, who served as the detention center's director.
> According to Patton, his employers told him that he "was
> terminated for insubordination, leaving his post while on
> duty, tardiness, and for failing to complete cell checks" but
> that he "was never counseled by the supervisors, director or
> the judge in charge of the facility regarding the above
> allegations." "The defendants did not allow Willie Patton
> the benefit of due process of the law," Patton claims, "nor
> did the defendants follow the Hinds County disciplinary
> policies in his termination." Patton later argued that he
> "was terminated from his position . . . without the benefit
> of the protections and safeguards provided to him by the
> Hinds County Personnel Handbook . . . ."

Patton v. Hinds Cnty. Juvenile Det. Cntr. (Henley-Young), 2011 WL 2912897, *1 (S.D. Miss. July 18, 2011). Following an appeal by Patton to the County Appeals Board and a February 12, 2009 hearing on his appeal, plaintiff was notified by letter dated April 28, 2009 that County Administrator Gavin had upheld his termination. He filed the present action on March 3, 2010.

As indicated supra, on July 18, 2011, Judge Reeves issued an opinion granting Judge Skinner's motion to dismiss plaintiff's individual-capacity claims against him. Thereafter, on May 11, 2012, he entered an agreed order dismissing the individual-capacity claims against the remaining defendants, thus leaving for resolution only the claims against the County. See McCarthy ex rel. Travis v. Hawkins, 381 F.3d 407, 413 (5th Cir. 2004) (lawsuit brought against a government actor in his official capacity is treated as suit against actor's agency).

State Law Claims:

4

As Judge Reeves previously found, plaintiff has not identified any specific statement that he contends constitutes defamation, much less one uttered within the year preceding the date on which he filed suit, and consequently, his claims for libel, slander and defamation are due to be dismissed as they are barred by the applicable one-year statute of limitations. See Patton, 2011 WL 2912897 at *6 (citing Miss. Code Ann. § 15-1-35); Miss. Code Ann. § 15-1-35 (providing that "all actions for slanderous words concerning the person ... and for libels, shall be commenced within one (1) year next after the cause of such action accrued, and not after").[4]

Plaintiff's remaining state law tort claims, all of which stem from the termination of his employment, are governed by the Mississippi Tort Claims Act (MTCA), Miss. Code Ann. § 11-46-1, which provides that "[a] governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim ... [b]ased upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of [the] ... employee ... , whether

---

[4] While state law tort claims against a governmental entity and its employees for acts within the course and scope of their employment are governed by the Mississippi Tort Claims Act (MTCA), Miss. Code Ann. § 11-46-1 et seq., plaintiff's claims for libel, slander and defamation do not fall under the MTCA, as it shall not be considered "as acting within the course and scope of his employment . . . if the employee's conduct constituted ... libel, slander, [or] defamation ...." Miss. Code Ann. § 11-46-7(2).

5

or not the discretion be abused ....". Miss. Code Ann. § 11-46-9(1)(d). As Judge Reeves has already recognized, Patton's termination, like most hirings and firings, was a discretionary act. Patton, 2011 WL 2912897 at *5 (observing that Patton was an at-will employee, and explaining that "[o]nly under the narrowest of circumstances does Mississippi law recognize the termination of an at-will employment as anything but a matter of discretion") (citing *inter alia* Davis v. Biloxi Pub. Sch. Dist., 937 So. 2d 459, 462 (Miss. Ct. App. 2005) ("Davis was an at-will employee, and the Biloxi Public School District had the discretion to terminate him for any reason."), *cert. denied*, 937 So. 2d 450 (Miss. 2006)). Plaintiff has neither contended, nor offered evidence tending to show that he was not an at-will employee. Therefore, summary judgment is appropriate as to all these claims. It also follows from the fact that plaintiff was an at-will employee and not employed pursuant to a contract, his claims premised on a breach of contract are also subject to dismissal.

Federal Claims

Plaintiff alleges he was the victim of race discrimination, but in response to defendants' motion, he has offered no evidence to support his claim. To prevail on a claim of race discrimination under § 1981, plaintiff must first establish a *prima facie* case of racial discrimination, which requires proof that (1) [he] is a member of a protected group or class; (2) [he]

6

was qualified for [his] position; (3) [he] was subjected to an adverse employment action; and (4) [he] was replaced by someone outside the protected class, other similarly-situated employees were treated more favorably, or [he] was otherwise discharged because of [his] race." Lawson v. Southern Components, Inc., 410 Fed. Appx. 833, 835, 2011 WL 480038, 1 (5th Cir. 2011) (citations omitted). Plaintiff has offered no evidence in support of the fourth element of his *prima facie* case. Instead, in response to defendants' motion, plaintiff offers only his speculation that "it was Skinner's intent in his handling of personnel to relegate black employees to positions beneath the few white employees employed at the facility." Such conclusory, unsupported allegations are not sufficient to preclude the entry of summary judgment as to this claim. Ramsey v. Henderson, 286 F.3d 264, 269 (5th Cir. 2002).

As to plaintiff's claims for "harassment" and "hostile environment," Judge Reeves noted that plaintiff had failed to state a cognizable claim for relief, because "The United States Constitution does not preclude harassment" and "contains no provision guaranteeing a right to a peaceful work environment." Patton, 2011 WL 2912897 at *7, n.11. Apparently, judging from his response to defendants' motion, plaintiff's position is that he was subjected to harassment by Judge Skinner on account of his race which created a hostile work environment. However, even if

such a claim could be found in the complaint, plaintiff has offered no evidence that would create a genuine issue of material fact warranting a trial on this claim. See Barkley v. Singing River Elec. Power Ass'n, 433 Fed. Appx. 254 (5th Cir. July 19, 2011) ("To prevail on a hostile work environment claim under § 1981, [plaintiff] must show that (1) he belongs to a protected group, (2) he was subjected to unwelcome harassment, (3) the harassment complained of was based on race, (4) the harassment complained of affected a term, condition, or privilege of his employment, and (5) the employer knew or should have known of the harassment and failed to take prompt remedial action."). Accordingly, this claim will be dismissed.

Turning to plaintiff's claims brought pursuant to § 1983, defendants correctly argue that plaintiff cannot establish liability because he has not identified or presented proof of an official custom or policy that was the moving force behind any constitutional violation. See Polk County v. Dodson, 454 U.S. 312, 326, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981) (holding that "official policy must be 'the moving force of the constitutional violation' in order to establish the liability of a government body") (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)). Further, to the extent Patton's response could be interpreted as arguing that the County ratified Skinner's allegedly unconstitutional decisions, the facts

8

of this case are not so extreme as to warrant application of the theory of ratification. See Peterson v. City of Fort Worth, Tex., 588 F.3d 838, 848 (5th Cir. 2009)(stating that Fifth Circuit precedent limits theory of ratification to "extreme factual situations") (comparing Grandstaff v. City of Borger, 767 F.2d 161 (5th Cir. 1985) (finding ratification in case in which officers "poured" gunfire onto a truck and killed innocent occupant), with Snyder v. Trepagnier, 142 F.3d 791, 798 (5th Cir. 1998) (refusing to find ratification where officer shot fleeing suspect in the back)). Accordingly, summary judgment is appropriate as to plaintiff's § 1983 claims.

Finally, inasmuch as the County cannot conspire with itself, the court easily concludes that summary judgment is appropriate as to plaintiff's federal conspiracy claim. See Hilliard v. Ferguson, 30 F.3d 649, 653 (5th Cir. 1994) ("Under the intra-corporate conspiracy doctrine, alleged concerted action by employees or officials of the same entity or organization cannot constitute a conspiracy for purposes of § 1985).

Based on the foregoing, it is ordered that defendants' motion for summary judgment is granted.

A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED this 23rd day of October, 2012.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE